IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LARRY WAYNE CARTWRIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0293 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LARRY WAYNE CARTWRIGHT. By his habeas application, petitioner challenges a July 26, 2004 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offenses of refusing to obey orders and use of indecent or vulgar language. Petitioner was punished with the forfeiture of one (1) day of previously accrued good time credits.[1] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.
PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

a judgment and sentence out of the 273rd Judicial District Court of Shelby County, Texas, in Cause No. 02CR-15,621, for the offense of possession of a controlled substance. Petitioner pleaded guilty to the offense and on October 23, 2002, petitioner was sentenced to eight (8) years imprisonment in the Texas Department of Criminal Justice.

Petitioner was accused, in Disciplinary Case No. 20040305167, with the offense of refusing to obey orders, a Level 2, Code 24 violation, and with the offense of using indecent language, a Level 3, Code 42 violation. At the disciplinary hearing on July 13, 2004, petitioner was found guilty of the charged offenses and assessed a punishment which included forfeiture of (one) 1 day of good time credits.

Petitioner filed a Step 1 Offender Grievance Form which was denied on September 8, 2004. Petitioner then filed a Step 2 Offender Grievance Form and such was denied on October 5, 2004.

## II.
## GROUNDS

In support of his contention that the evidence was insufficient to support a finding of guilt, petitioner presents the following grounds:

   A.   The disciplinary hearing officer and the charging officer failed to acknowledge petitioner's medical restriction blue card in violation of TDCJ Administrative Directive;

   B.   The evidence was insufficient to support a finding of guilt because the charging officer's offense report differed from his testimony at the hearing with regard to what vulgar language was used;

   C.   Counsel substitute failed to raise important issues which would have supported a finding of innocence;

   D.   TDCJ officials disregarded the claims presented by petitioner in his Step 1 and Step 2 grievances and failed to interview petitioner; and

  E.  TDCJ officials at the Clements Unit routinely conspire and direct unwarranted disciplinary write-ups against offenders.

## III.
## MERITS

  The undersigned finds the instant habeas application should be denied. Petitioner has not shown the challenged forfeiture of accumulated good conduct time was in violation of the United States Constitution. Accordingly, petitioner is not entitled to federal habeas corpus relief.

  In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

  Petitioner does not specifically allege he was denied any procedural due process protections established by *Wolff*. Further, review of the disciplinary proceeding records reveals petitioner was afforded the full panoply of constitutional procedural due process requirements under *Wolff*. Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

  It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not

be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication.

Petitioner cannot meet this burden as there clearly was <u>some</u> evidence, as demonstrated by the offense report and the charging officer's testimony. Petitioner's first allegation, that the hearing officer and the charging officer failed to acknowledge petitioner's medical restriction blue card, is without merit. It is within the discretion of the Hearing Officer to take testimony and to weigh the evidence. This was done.

To the extent petitioner complains, in his second claim, about discrepancies between the charging officer's testimony and the offense report, such claims are merely challenges to the sufficiency and credibility of the evidence and are outside the scope of habeas review.

In his third claim, petitioner complains of the actions of his counsel substitute. The guarantees to due process provided by *Wolff* make it clear that inmates do not have a right to either retained or appointed counsel in disciplinary proceedings. *Wolff*, 418 U.S. at 570. Therefore, this claim is not cognizable federally. Even if petitioner were entitled to counsel substitute by TDCJ regulations, he has totally failed to articulate what evidence counsel substitute should have presented. Petitioner has failed to show prejudice.

Petitioner, in his fourth and fifth claims, allege TDCJ officials disregarded the claims presented by petitioner in his Step 1 and Step 2 grievances and failed to interview him, and that

TDCJ officials at the Clements Unit routinely conspire and direct unwarranted disciplinary write-ups against offenders. Such complaints are not within the scope of federal review and are not cognizable herein. The Court finds that the rights set forth in *Wolff* have not been abridged, and that there was "some evidence" to support the disciplinary hearing officer's decision.

Finally, petitioner lost one (1) day of good time credits. As argued by respondent, it does not appear such loss will significantly shorten his sentence *i.e.* the loss should be considered "de minimis." In *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000), the Fifth Circuit specifically stated, "It is possible that a de minimis delay of a few days would not give rise to a constitutionally cognizable claim." The court further noted that an inmate does not have a constitutional expectancy of release on a particular date, and that a delay could sometimes be inconsequential. *Id.* It would appear a one (1) day loss of good time credits would fit squarely within this logic, especially in light of the fact that other factors having nothing to do with a disciplinary charge, can affect mandatory supervision release.

Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LARRY WAYNE CARTWRIGHT be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 20th day of September 2005.

                                             CLINTON E. AVERITTE
                                             UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).